UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER COZIER,

    Plaintiff,

v.

    Case Number: 2:12-cv-10012
    Honorable Denise Page Hood

RICHARD CADY, FIRST NAME
UNKNOWN COOPER, and FIRST
NAME UNKNOWN DETTLOFF,

    Defendants.
_____/

## OPINION AND ORDER
## SUMMARILY DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

    This is a prisoner civil-rights action filed under 42 U.S.C. § 1983, by Plaintiff Christopher Cozier, a state inmate currently incarcerated by the Michigan Department of Corrections at the G. Robert Cotton Correction Facility in Jackson, Michigan. He filed this civil-rights complaint asserting that Defendants violated his rights under the Eighth and the Fourteenth Amendments. Plaintiff claims that his due-process rights were violated by Defendants when they falsified details in the body of his misconduct report and when they failed to call a witness on his behalf during his disciplinary hearing. He seeks injunctive relief and punitive damages for the alleged violations.

    The Court has granted Plaintiff permission to proceed without prepayment of the fees and costs for this action. Under the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune

from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992).

Applying those standards, Plaintiff's action will be dismissed because he fails to state a claim for relief.

I.

In his complaint, Plaintiff contends that, on October 5, 2011, Defendant Dettloff wrote a false and fabricated misconduct violation charging him with the following:

> [Cozier], 572550, asked permission to use the pop machine before count and he bought a Dr. Pepper. I asked him to show me his pop card and the name on it was Sadler, 798532. Sadler was taken to L unit on 10-4-11 and his property was unsecured till officer packed him up per policy and someone removed his pop card and [Cozier] was in possession of it on 10-5-11. He should have known the pop card was stolen and there would be no way that Sadler could have [given] him authorization to use it since he is in L unit (segregation). Since the Dr. Pepper was [bought] with a fraudulent pop card it is contraband.

Plaintiff's Complaint, 2.

Plaintiff requested that Sadler be called as a witness during his disciplinary hearing but Defendant Cooper failed to do so, stating that "[h]owever it came about you still had possession of inmate Sadler's pop card, therefore it is at least theft." Plaintiff's Complaint, 2. Plaintiff then filed an administrative appeal, pointing out that his witness had not been called and that there was no evidence supporting a charge of theft. *Id.*

The disciplinary proceeding was reversed. The hearing officer contacted Sadler who admitted to selling the pop card. Thus, Plaintiff was found not guilty of theft, but

2

rather, he was guilty of possession of forged documents, using another prisoner's pop card.

Plaintiff alleges that (1) Defendant Dettloff's action of falsifying the details in the body of the misconduct report violated his Eighth Amendment and Fourteenth Amendment rights, (2) Defendant Cooper's action in failing to call Sadler violated his Fourteenth Amendment rights to due process, and (3) Defendant Caddy's action in reinstating the charges of possession of forged documents also violated his Fourteenth Amendment rights.

II.

A complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65; *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court must determine whether Plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at ---, 129 S.Ct. at 1949. Although the

plausibility standard is not equivalent to a "'probability requirement,' [ ] it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown]'–that the pleader is entitled to relief." *Id.*, 556 U.S. at ---, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (2)); *see also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the *Twombly/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807 (1994).

III.

A prisoner facing misconduct charges is entitled to the due-process protections outlined by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). These include notice, an opportunity to be heard, and an impartial fact finder. *Id.*, 418 U.S. at 563-67, 94 S.Ct. at 2978-80. A prison inmate is not denied due process by being unjustly accused of violating prison rules, as long as the inmate is

4

afforded the due-process rights guaranteed in *Wolff*. *See Jackson v. Malin*, 61 F. App'x 131 (6th Cir. 2003) ("prisoner has no constitutional right to be free from false accusations of misconduct"); *see also Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) (same). Additionally, prison officials may refuse to call a witness because of irrelevancy, lack of necessity or hazards presented in individual cases. *Wolff*, 418 U.S. at 566, 94 S.Ct. at 2979-80. So long as the disciplinary hearing decision is based on "some evidence," it surpasses constitutional muster. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).

To the extent that Plaintiff attempts to raise a stand-alone claim of a violation of his constitutional rights based on the above-stated misconduct, his claim will be dismissed with prejudice. A false misconduct charge does not itself qualify as an Eighth Amendment violation. Under the objective prong of the test for an Eighth Amendment claim, false misconduct charges are not "sufficiently serious" that they result "in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994) (internal quotations and citations omitted).

Further, no due-process claim is stated when a prisoner alleges that misconduct charges were fabricated. The Sixth Circuit has held that false accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges subsequently are adjudicated in a fair hearing. *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004) (citing *Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988) (Nelson, J., concurring) and *Freeman*, 808 F.2d at 951); *see also Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002) (dismissing a prisoner's due-process claim against the prison official who issued allegedly false misconduct reports

and offered perjured testimony in support of those reports because the inmate was afforded a hearing and the opportunity to confront and challenge the reports and testimony).

Because Plaintiff was provided a due-process hearing for the misconduct charge, and the discipline was reversed, his constitutional rights were not violated and he may not maintain a section 1983 claim for the alleged false misconduct report. Plaintiff has received all the due process due. The Court concludes that he has failed to establish that his rights under the Eighth and Fourteenth Amendments were violated.

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and that his civil-rights complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Additionally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 30, 2012

I hereby certify that a copy of the foregoing document was served upon Christopher Cozier #572550, 3500 N. Elm Road, Jackson, MI 49201 and counsel of record on April 30, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager